1 | Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
2 | Brian A. Neighbarger, Esq.
Nevada Bar No. 11225
3 | SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
4 | Suite 1100
Las Vegas, NV 89169
5 | Telephone (702) 784-5200
Email: calexander@swlaw.com
6 |       bneighbarger@swlaw.com

7 | *Attorneys for Defendants Wells Fargo Bank N.A., also named as*
*Wells Fargo Home Mortgage, Inc. and Wells Fargo Asset*
8 | *Securities Corp., (collectively "Wells Fargo Bank, N.A."); and*
*MERSCORP, Inc., and Mortgage Electronic Registration*
9 | *Systems, Inc.*

10 | IN THE UNITED STATES DISTRICT COURT

11 | DISTRICT OF NEVADA

12 |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

13 | KAMAL P. LALWANI, SANCHI K.
LALWANI individuals,

14 |

Plaintiffs,

15 |

vs.

16 |

NEVADA ASSOCIATION SERVICES,
17 | INC.; ALIANTE MASTER
ASSOCIATION; WELLS FARGO BANK
18 | N.A.; WELLS FARGO HOME
MORTGAGE, INC; WELLS FARGO
19 | ASSET SEC. CORP.; NATIONAL
DEFAULT SERVICING CORP.; an
20 | Arizona Corporation; HSBC BANK USA,
N.A. MERSCORP, INC, a Virginia
21 | Corporation, MORTGAGE ELECT. REG
SYS., INC. a subsidiary of MERSCORP,
22 | Inc., a Delaware corporation; AND DOES I
individuals 1 to 100 Inclusive; and ROES
23 | Corporations 1 to 30, inclusive; and all
other persons and entities unknown
24 | claiming any right, title, estate, lien or
interest in the real property described in the
25 | Complaint adverse to Plaintiff's ownership,
or any cloud upon Plaintiff's title thereto,

26 |

Defendants.

27 |

28 |

12486538.1

NO. 2:11-cv-00084-KJD-PAL

**DEFENDANTS MERSCORP, INC. AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S
MOTION TO DISMISS**

**DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
MOTION TO DISMISS**

Defendants MERSCORP, Inc. and Mortgage Electronic Registration System, Inc. (collectively "MERS"), by and through its counsel, the law firm of Snell & Wilmer L.L.P., move this Court to dismiss the claims of Plaintiffs Kamal P. Lalwani and Sanchi K. Lalwani ("Plaintiffs") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion to Dismiss Plaintiffs' First Amended Complaint is based on the Memorandum of Points and Authorities herein, all papers on file with this Court, any documents incorporated by reference or attached to the Amended Complaint, the exhibits attached to the Request for Judicial Notice filed concurrently with this Motion, and any oral argument that this Court may entertain.

Dated: January 25, 2011.                     SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Brian A. Neighbarger, Esq.
Nevada Bar No. 11225
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Email: calexander@swlaw.com
        bneighbarger@swlaw.com

*Attorneys for Defendants Wells Fargo Bank N.A.,
also named as Wells Fargo Home Mortgage, Inc.
and Wells Fargo Asset Securities Corp., (collectively
"Wells Fargo Bank, N.A."); and MERSCORP, Inc.,
and Mortgage Electronic Registration Systems, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs have named MERS as a defendant in this action. However, MERS ___had absolutely no involvement___ with the property complained of, including the loan Plaintiffs obtained to purchase the property, nor any involvement with the subsequent assignments of the beneficial

12486538.1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1  interest under the subject deed of trust. Plaintiffs' Amended Complaint and the allegations
2  therein, appear to be simply copied from another source, and carelessly advanced in this matter.
3  MERS has been wrongfully included in Plaintiffs' shotgun pleading and its rambling mess of
4  scandalous accusations.

**II.**

**FACTUAL BACKGROUND**

7  Plaintiffs came into ownership of the real property located at 2020 Barhill Avenue, North
8  Las Vegas, Nevada, 89084, APN: 124-20-613-011 (the "Property"), as husband and wife as joint
9  tenants with right of survivorship, on or about March 5, 2007, by way of a "Corporation Grant,
10  Bargain and Sale Deed" executed by Pardee Homes of Nevada. *See* Corporation Grant, Bargain
11  and Sale Deed attached as Exhibit 1 to the Request for Judicial Notice ("RJN") filed concurrently
12  herewith. Plaintiffs obtained a loan in the amount of $459,376.00, secured by a deed of trust on
13  the Property.[1]  The Deed of Trust was subsequently transferred from Linear Financial to
14  Defendant Wells Fargo on February 28, 2008 by way of assignment recorded March 26, 2008.
15  *See* Assignment of Deed of Trust ("Assignment") attached as Exhibit 3 to the RJN. The
16  following language on the first page of the Assignment clarifies that it is "granted, assigned, and
17  transferred" to Wells Fargo "TOGETHER with the note or notes therein described or referred to,
18  the money due and to become due thereon with interest, and all right accrued or to accrue under
19  said Mortgage/Deed of Trust." *Id.*

20  On September 8, 2009, the first Notice of Default was recorded against the Property,
21  citing default on the Deed of Trust executed by Plaintiffs. *See* Notice of Default and Election to
22  Sell, attached as Exhibit 4 to the RJN. Plaintiffs were behind in their obligations in the amount of
23  $21,333.14. National Default Servicing Corporation filed the notice of default on behalf of, and
24  as agent for, Wells Fargo Bank, N.A., the assigned Beneficiary under the March 5, 2007 Deed of
25  Trust. *Id.* at pg. 2.

26  A Corporation Assignment of Deed of Trust was recorded on March 22, 2010, whereby

[1] A loan in the amount of $459,376 was obtained from Linear Financial, LP, DBA Pardee Home Loans as evidenced by the March 15, 2007 deed of trust, which is attached as Exhibit 2 to the RJN.
12486538.1

- 3 -

1   Wells Fargo Bank, N.A., through its agent National Default Servicing Corporation, granted,
2   assigned, and transferred to HSBC Bank USA, National Association as Trustee for Wells Fargo
3   Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7 ("HSBC Bank
4   USA"), all beneficial interest under the March 5, 2007 Deed of Trust.   *See* Corporation
5   Assignment of Deed of Trust, attached as Exhibit 5 to the RJN.   That same day, a Substitution of
6   Trustee was recorded, substituting National Default Servicing Corporation as Trustee under the
7   March 5, 2007 Deed of Trust.   *See* Substitution of Trustee, attached hereto as Exhibit 6 to the
8   RJN.

9        On March 22, 2010, a Notice of Trustee's Sale was recorded, setting a foreclosure sale
10   date of April 7, 2010.   *See* Notice of Trustee's Sale, attached as Exhibit 7 to the RJN.   This sale
11   would not go forward however, and a second Notice of Trustee's Sale was recorded on October
12   12, 2010, setting a sale date for November 3, 2010.   *See* Notice of Trustee's Sale, attached as
13   Exhibit 8 to the RJN.   On November 2, 2010, the day before the foreclosure sale was to be held,
14   Plaintiffs filed a Notice of Lis Pendens.   *See* Notice of Lis Pendens, attached as Exhibit 9 to the
15   RJN.   An Amended Notice of Lis Pendens was filed on December 3, 2010, reflecting the addition
16   of new defendants in the caption.   On January 5, 2011, HSBC Bank USA purchased the Property
17   at a trustee's sale.   *See* Trustee's Deed Upon Sale, attached as Exhibit 10 to the RJN.

18                                   **III.**

19                           **LEGAL ANALYSIS**

20   **A.    Motion to Dismiss Standard Under FRCP 12(b)(6)**

21        When testing a motion to dismiss for failure to state a claim, conclusions of law or
22   unwarranted deductions of fact are not assumed to be true.   *Moss v. U.S. Secret Serv.*, 572 F.3d
23   962, 969 (9th Cir. 2009).   "[A] plaintiff's obligation to provide the grounds of his entitlement for
24   relief requires more than labels and conclusions, and a formulaic recitation of the elements of the
25   cause of action will not do."   *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-57 (2007).
26   To avoid dismissal, the allegations must sufficiently cross the line from merely "conceivable" to a
27   level "plausibly suggesting" that the plaintiff is entitled to relief.   *Id.*; *see also, Ashcroft v. Iqbal*,
28   129 S.Ct. 1937, 1947-49 (2008).   Courts will not assume the plaintiff can prove facts not alleged
     12486538.1

     - 4 -

1  in the complaint. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d
2  1027, 1035 (9th Cir. 2005).

3  When materials are attached to or incorporated by reference in the complaint, or are
4  matters of judicial notice, the motion need not be converted into one for summary judgment.[2]
5  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by
6  reference if the document is attached to the complaint, referred to extensively in the complaint, or
7  forms the basis of plaintiffs' claim. *Id.*

8  Here, the factual allegations do not raise Plaintiffs' right to relief above the "conceivable"
9  level because the recorded documents, of which the court may take judicial notice and which are
10  incorporated into Plaintiffs' Amended Complaint,  evidence that MERS played no role in
11  Plaintiffs' loan or foreclosure. Accordingly, Plaintiffs have not presented any basis to impose
12  liability upon MERS.

13  **B.     Plaintiffs' Amended Complaint and All Causes of Action Advanced Therein, Must**
14  **be Dismissed as to Defendant MERS since MERS had No Involvement in this Matter**

15  Plaintiffs cannot state any valid claims against MERS because MERS was not involved in
16  the loans or foreclosure process. Contrary to Plaintiffs' allegations that MERS was involved in a
17  grand conspiracy to harm Plaintiffs, a review of the recorded Deed of Trust, and subsequent
18  recorded assignments of the beneficial interest therein, reveal that MERS played no part at all.
19  Plaintiffs' pleading is likely a form complaint that was copied from another source.

20  MERS had absolutely no involvement with Plaintiffs' Property nor any of the subsequent
21  assignments of the Deed of Trust. A review of the recorded documents for the subject property
22  clearly proves this, and MERS is nowhere to be found. Lineral Financial, as lender, was the
23  original beneficiary under the subject Deed of Trust. *See* Exhibit 2 to the RJN. United Title of

24  ───────────
[2] This Court may consider the Note and Deed of Trust, and other loan origination documents
25  without converting this Motion into one for summary judgment because the documents are central
to the allegations in the Amended Complaint. *See, e.g., Townsend v. Columbia Operations*, 667
26  F.2d 844, 848-49 (9th Cir. 1982); *Cumis Ins. Soc., Inc. v. Merrick Bank Corp.*, No. CV-07-374-
TUC-CKJ, 2008 WL 4277877, at *9-10 (D. Ariz. 2008)(a contract that is central to a party's
27  complaint is not a matter outside the pleadings and is properly considered in deciding a 12(b)(6)
motion). In addition, the Court may consider the Deed of Trust and other documents because
28  they are publicly recorded. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

12486538.1

- 5 -

1    Nevada was the trustee. *Id.* On February 28, 2008, Linear Financial "granted, assigned, and

2    transferred" the Deed of Trust to Wells Fargo Bank, N.A. *See* Exhibit 3 to the RJN. Wells Fargo

3    thereby became the new beneficiary by assignment. Wells Fargo then assigned the Deed of Trust

4    to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities

5    Corporation, Mortgage Pass-Through Certificates, Series 2007-7, which became the new

6    beneficiary. *See* Exhibit 5 to the RJN. National Default Servicing Corporation was substituted as

7    the new Trustee on December 9, 2009, replacing United Title of Nevada. *See* Exhibit 6 to the

8    RJN. Most recently, HSBC Bank USA purchased the subject property at the January 5, 2011

9    trustee's sale. *See* Exhibit 10 to the RJN.

## IV.

## CONCLUSION

12       Because none of the claims could plausibly apply to MERS, which was not involved in

13   Plaintiffs' loan or foreclosure, MERS respectfully requests that this case be dismissed with

14   prejudice as against MERS.

15   Dated: January **25** , 2010.          SNELL & WILMER L.L.P.

16                                          By
                                           Cynthia L. Alexander, Esq.
17                                         Nevada Bar No. 6718
                                           Brian A. Neighbarger, Esq.
18                                         Nevada Bar No. 11225
                                           SNELL & WILMER L.L.P.
19                                         3883 Howard Hughes Parkway
                                           Suite 1100
20                                         Las Vegas, NV 89169

21                                         *Attorneys for Defendants Wells Fargo Bank N.A.,*
                                           *also named as Wells Fargo Home Mortgage, Inc.*
22                                         *and Wells Fargo Asset Securities Corp., (collectively*
                                           *"Wells Fargo Bank, N.A."); and MERSCORP, Inc.,*
23                                         *and Mortgage Electronic Registration Systems, Inc.*

24

25

26

27

28

12486538.1

- 6 -

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing by the method indicated:

X      U. S. Mail

_____      U.S. Certified Mail

_____      Facsimile Transmission

_____      Federal Express

_____      Electronic Service via CM/ECF

and addressed to the following:

Kamal P. Lalwani
Sanchi K. Lalwani
2020 Barhill Avenue
North Las Vegas, NV  89084
702-326-7808
Klalwani@gmail.com

Plaintiffs Pro Se

DATED this ___ day of January, 2011

An employee of Snell & Wilmer L.L.P.

12486538.1

- 7 -