# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAMAL P. LALWANI, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 2:11-CV-0084-KJD-PAL

**ORDER**

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (#8). Plaintiffs filed a response in opposition (#16) to which Defendant Wells Fargo replied (#18).

I.  Background

On or about March 15, 2007, Plaintiffs obtained a loan in the amount of $459,376.00, from Linear Financial, LP, d/b/a Pardee Home Loans ("Linear"), secured by a Deed of Trust.  The Deed of Trust named Linear as Lender and United Title of Nevada as Trustee.  The Deed of Trust and all beneficial interest was transferred from Linear to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), on February 28, 2008 by way of assignment recorded March 26, 2008.  Acting as agent for Wells Fargo, Defendant National Default Servicing Corporation ("National Default") recorded the first Notice of Default and Election to Sell on September 8, 2009.  On March 22, 2010, Wells Fargo by agent National Default assigned the Deed of Trust and all beneficial interest to Defendant HSBC

Bank USA, National Association, as trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7 ("HSBC").  That same day, National Default was substituted as trustee under the Deed of Trust by HSBC.  Notice of Trustee's Sale was recorded the same day setting a foreclosure sale date of April 7, 2010.  A second Notice of Trustee's Sale was recorded on October 12, 2010 setting a sale date for November 3, 2010.  Plaintiffs filed Notice of Lis Pendens on November 2, 2010.  An amended Notice of Lis Pendens was filed December 3, 2010 adding new defendants to the notice.  On January 5, 2011, HSBC purchased the property at a trustee's sale.  Plaintiffs' original complaint was filed in state court on November 1, 2010.  After removing the action to federal court, Defendant Wells Fargo has now moved to dismiss this action. On August 5, 2011, Defendant National Default joined (#35) Defendant Wells Fargo's Motion to Dismiss.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

    A.  Unfair Lending Practices NRS 598(D)

Defendants have moved to dismiss Plaintiffs' claims arising under Nevada's Unfair Lending Practices Act, NRS 598D, *et. seq.*, which includes a requirement that a lender determine "using commercially reasonable means or mechanism, that the borrower had the ability to repay the loan." However, Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage Inc., Wells Fargo Asset Sec. Corp. and National Default Servicing Corp did not "make a home loan" to Plaintiffs as required by the statute.  It is undisputed that Linear was the lender.  Defendants did not obtain an interest in the loan until February 28, 2008 at the earliest, almost one year subsequent to the initial loan. Furthermore, it is unclear whether the 2007 amendments adding the requirement that lenders use commercially reasonable means or mechanisms to determine whether borrowers had the ability to repay the loan were in effect on March 22, 2007.  Accordingly, this claim is dismissed.

    B.  Deceptive Trade Practices

Plaintiffs' allegations of deceptive trade practices are too vague to state a claim.  Nevada Revised Statutes §§ 598.0915 and 598.023 list twenty-one separate activities that may constitute a deceptive trade practice.  Therefore, Plaintiffs' general allegations regarding deceptive trade practices surrounding lending activity do not meet Federal Rule of Civil Procedure 8's requirement to provide adequate notice of the claims.  Therefore, the Court must dismiss these claims, because even if the Court were to grant Plaintiffs leave to amend the claims, Chapter 598 applies only to goods and services and not to real estate loan transactions.

    C.  Wrongful Foreclosure

Plaintiffs again make general allegations of wrongful foreclosure asserting: (1) that Defendants failed to properly review or consider Plaintiffs' Home Affordable Modification Program ("HAMP") application; and (2) failed to comply with NRS § 107.080 requirements in conducting a

non-judicial foreclosure.  However, Plaintiffs failed to make any specific allegation as to what Defendants did or did not do that did not comply with statute.

First, Plaintiffs have no actionable right arising from HAMP.  Even if Plaintiffs did have some statutory or common law cause of action arising from HAMP, they failed to specify what that is.  Therefore, the Court must deny this claim.

Second, after examining each document the Court has taken judicial notice of, the Court can find no deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices required in Nevada statute.  Each party that acted was authorized to take actions the actions that they did by the Deed of Trust and Note and by state statute.  Furthermore, Plaintiffs' claims regarding securitization of the Note and the involvement of MERS have been foreclosed by the Ninth Circuit. See Cervantes v. Countrywide Home Loans, Inc., — F.3d —, 2011 WL 3911031 *8 (9th Cir. September 7, 2011).[1]  The Court's review of the Deed of Trust and judicially noticed, recorded documents demonstrates no defect as alleged by Plaintiff.

Finally, Plaintiffs' wrongful foreclosure claims fail, because Plaintiffs do not dispute that they are in default and cannot cure the default.  Nevada recognizes the tort claim of wrongful foreclosure where homeowners allege that a lender wrongfully exercised the power of sale and foreclosed upon their property when they were not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). However, Plaintiffs do not dispute their delinquency on the mortgage.  Therefore, the Court dismisses Plaintiffs' claim for wrongful foreclosure.

D.  Conspiracy Claims

First, the Court notes that Plaintiffs' conspiracy claims surround the securitization of mortgage notes and MERS' involvement in the securitization and mortgage tracking process. However, the Court has already dismissed all claims against MERS, due to their complete lack of

---

[1] The Court notes that despite Plaintiffs' allegations in the complaint, there has been no recorded document affecting the property that references MERS in any way.

4

involvement with Plaintiffs' Note and Deed of Trust.  Therefore, the conspiracy claims must be dismissed.

### E.  Unjust Enrichment

In Nevada, a valid claim of unjust enrichment requires that Plaintiffs show: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance and retention of the benefit by the defendant under circumstances that would be inequitable for him to retain the benefit. See Topaz Mutual Co., Inc. v. Marsh, 839 P.2d 606, 613 (Nev. 1992).  However, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. v. The Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997).   In this action any benefit conferred upon the defendant as alleged by Plaintiffs was conferred by a third-party insurer, not by Plaintiffs.  Accordingly, the claim for unjust enrichment is denied.

### F.  Quiet Title

In Nevada, a quiet title action may be brought "by any person against another who claims an…interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010. In a claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself." Velazquez v. Mortgage Electronic Registration Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev.1996)). Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011).  Essentially, "he who seeks equity must do equity." McQuiddy v. Ware, 87 U.S. 14 (1873). Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been improperly, unfairly

or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct. App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.").

Plaintiffs have failed to allege whether they were in the position to cure their default at the time the Notice of Default and Trustee's Sale was sent. Furthermore, they did not respond in opposition to the motion to dismiss that they could in fact cure any default. Therefore, this claim is dismissed.

G.  Breach of the Covenant of Good Faith and Fair Dealing

Again, Plaintiffs assert the position that Defendants had a duty under HAMP to ensure that Plaintiffs obtained a loan modification. However, the breach of the covenant of good faith and fair dealing arises under the contract between the parties, in this case the Note and Deed of Trust. Those documents do not impose on any Defendant the duty to modify the loan to meet Plaintiffs' needs. Plaintiffs' mere belief that they should have obtained relief under HAMP does not support a cause of action against Defendants for breach of the covenant of good faith and fair dealing arising from a separate contractual relationship that is not alleged. Plaintiffs do not allege that they entered into a contract for a loan modification.

Furthermore, to the extent that Plaintiffs complain that Defendants did not comply with the requirement of Nevada's foreclosure mediation program, they must bring those claims in compliance with NRS § 107.086 and the foreclosure mediation rules imposed by the Nevada Supreme Court which allow a homeowner to file a petition for judicial review in state court. Plaintiffs must exhaust those remedies before seeking alternative relief. Accordingly, this claim is dismissed.

     H.  Claims for Injunctive and Declaratory Relief and Rescission

     Plaintiffs have failed to state any adequate causes of action.  Plaintiffs claims for injunctive relief, declaratory relief and rescission are expressly based on their claims for fraud, conspiracy, wrongful foreclosure, and breach of fiduciary duties.  Since the Court has dismissed all of these claims, it must also deny the requested injunctive and declaratory relief.  Furthermore, rescission is an equitable remedy that requires Plaintiffs to cure their default before they can obtain relief.  Since Plaintiffs have not alleged or otherwise asserted that they are able to cure their default, they cannot obtain equitable relief.

IV.  Conclusion

     Accordingly, IT IS HEREBY ORDERED that  Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (#8) is **GRANTED**;

     IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage Inc., Wells Fargo Asset Sec. Corp. and National Default Servicing Corp and against Plaintiffs.

     DATED this  30th  day of September 2011.

_____
Kent J. Dawson
United States District Judge